**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | |
|---|---|
| IN RE | |
| LYKINS ENTERPRISES, INC. | CASE NO. 10-20240 |
| | |
| LYKINS ENTERPRISES, INC. | PLAINTIFF |
| | |
| v. | ADV. NO. 10-2043 |
| | |
| SHREENATHJI, INC. | DEFENDANT |

**MEMORANDUM OPINION**

The two issues presented in the parties' cross-motions for summary judgment are 1) whether the agreement executed between the parties with regard to real property located at 416 Martin Luther King Blvd., Maysville, Kentucky is an executory contract or a lease of real property and, 2) whether paragraph 19 in the agreement at issue which allows the Debtor to terminate the lease after providing written notice to the Defendant may be exercised on each anniversary date of the lease execution or applied only at the end of the term of the lease.

The evidence in this adversary proceeding supports entry of a partial summary decision in favor of the Defendant finding the agreement between the parties is an unexpired lease of real property. The ambiguity of the paragraph regarding termination of the lease on 60 days' notice (paragraph 19) prohibits a determination of whether the lease will terminate on January 26, 2011, as argued by the Debtor or on January 26, 2019, as argued by the Defendant. Therefore, the Debtor's Motion for Summary Judgment (Doc. No. 9) is denied and the Defendants' Motion for Summary Judgment (Doc. No. 12) is denied to the extent it seeks a determination of the termination date of the lease.

The following facts are not disputed:

The Debtor is the lessee under a long-term lease of certain real property on which a convenience store is located. The Debtor and the Defendant negotiated and entered into a

written agreement regarding fuel sales and the operations of the convenience store. The terms of the agreement provide the Debtor owns all fuel stored and sold on the premises and the Defendant controls all economic activity on the premises.

Entry of a summary decision is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56, FED. R. BANKR. P. 7056. Further, a summary decision is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 577 (6th Cir. 2007).

Section 365 of the Bankruptcy Code governs the circumstances under which a trustee or debtor-in-possession may assume or reject an executory contract or unexpired lease to which the debtor is a party. *In re G. Force Investments, Inc.*, --- B.R. ----, 2010 WL 5392888, at *2 (Bankr. N.D. Ohio 2010). For purposes of § 365, the "meaning of the term 'lease' is a question of federal law, informed to a considerable extent by state law principles the court is bound to respect." *In re Aurora Oil & Gas Corp.*, 439 B.R. 674, 677 (Bankr. W.D. Mich. 2010) quoting *Terrell v. Albaugh (In re Terrell)*, 892 F.2d 469, 471-72 (6th Cir. 1989). Reference to section 365 of the Code yields little in the definition of the term "lease", but some guidance is provided by § 365(m) which states, "leases of real property shall include any rental agreement to use real property." Reference to state law principles provides more guidance.

The court's primary responsibility in a contractual dispute is to "effectuate the parties' intent." *William C. Roney Co. v. Federal Ins. Co.*, 674 F.2d 587, 590 (6th Cir. 1982). The court will give effect to the real and dominant intention of the parties when that intention can be

definitely ascertained. *Trinity Temple Charities v. City of Louisville*, 188 S.W.2d 91, 94 (Ky. 1945). To create the relationship of landlord and tenant it should appear from the agreement that one party intends to dispossess himself of the premises. *Mercantile Realty Co. v. Allen Edmonds Shoe Corp.*, 92 S.W.2d 837, 839 (Ky. 1936); *Alexander v. Gardner*, 96 S.W. 818, 819 (Ky. 1906). It should also appear that the other party intends to enter and occupy the premises in a manner that the first party had the right to do. *Mercantile Realty Co.*, 92 S.W.2d at 839.

The agreement executed by the parties conveys an estate in land to the Defendant which is a right that may be conveyed pursuant to a lease. *See Dan Cohen Realty Co. v. National Sav. & Trust Co.*, 36 F.Supp. 536, 538 (E.D. Ky. 1941). In addition, the language chosen by the parties, including identifying themselves as "landlord" and "tenant," is given great weight by this court, although not solely determinative of the parties' intent. *Mercantile Realty Co.*, 92 S.W.2d at 839.

In the agreement the Debtor demised the premises to the Defendant and dispossessed itself of the real property. *See* Lease, Doc. No. 9, Exhibit A, paras. 1, 9, 10. For example, in paragraph 9 the agreement provides the "Landlord may re-enter and … resume possession of said premises" if the lease is terminated or not renewed. Under the agreement the Defendant is responsible for the payment of all charges due in connection with utility usage on the property. *See* Lease, para. 4.e. The Defendant is responsible for procuring and maintaining policies of insurance as requested by the Debtor, including coverage for injuries to the property. *See* Lease, para. 12. The Debtor reserved no right to exercise control of the Defendant's operations conducted on the property. *See* Lease, para. 13.

The evidence of record supports the determination that the "real and dominant intention of the parties" as memorialized in the agreement is vesting in the Defendant the right to enter and occupy the real property to the exclusion of the rights of the Debtor.

In Kentucky, consideration for the use of the premises is a material term of a lease. *Walker v. Keith*, 382 S.W.2d 198, 202 (Ky. 1964). Consideration usually takes the form of rent, but as used in general contract law, consideration may be any benefit to the party making the promise. *Huff Contracting v. Sark*, 12 S.W.3d 704 (Ky. Ct. App. 2000); BLACK'S LAW DICTIONARY 898 (7th ed. 1999). Consideration was paid by the Defendant to the Debtor prior to the Debtor granting possession of the real property. *See* Lease, para. 1. The agreement labels the monetary consideration as a payment for "goodwill" instead of pre-paid rent. This labeling does not alter the nature of the monetary exchange as providing a benefit to the Debtor as the party making the promise to dispossess itself of its rights in the real property.

The evidence of record supports the determination that the written agreement of the parties is a lease providing to the Defendant the possession of the real property on which the convenience store is located. This possession is provided to the exclusion of the Debtor.

The second issue in the cross-motions for summary judgment seeks the determination whether paragraph 19 in the lease allowing the Debtor to terminate the lease after providing written notice to the Defendant may be exercised on the anniversary date of the lease execution or applied only at the end of the term of the lease.

Paragraph 19 states in its entirety:

Tenant or Landlord will have the right to terminate this Lease upon sixty (60) days with an advance written notice to the annual renewal date.

The term "annual renewal date" is not defined in the lease and the parties did not identify any additional references to annual provisions in the ten-year lease.

The parties agree the language in the paragraph is ambiguous, but both argue the intent of the parties may be ascertain without reference to extrinsic evidence at trial. Each party, however, offers a different interpretation of the lease provision. The Debtor argues the provision allows termination on any anniversary date of the lease so long as written notice is provided at least sixty days prior to the anniversary date. The Defendant offers a contrary interpretation suggesting that the only time the Debtor may terminate under this provision occurs one time – the sixty day period before the expiration of the first ten-year term of the lease.

A contract provision is ambiguous if a reasonable person would find it susceptible to different or inconsistent, yet reasonable, interpretations. *Neurodiagnostics, P.S.C. v. Modern Radiology, PLLC*, 2010 WL 50118565, at *6-7 (Ky. Ct. App. December 10, 2010); *Cantrell Supply, Inc. v. Liberty Mutual Insurance Co.*, 94 S.W.3d 381, 385 (Ky. Ct. App. 2002). "If an ambiguity exists, 'the court will gather, if possible, the intentions of the parties from the contract as a whole, and in doing so will consider the subject matter of the contract, the situation of the parties and the conditions under which the contract was written,' by evaluating extrinsic evidence as to the parties' intentions." *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99 (Ky. 2003) quoting *Teague v. Reid*, 340 S.W.2d 235 (1960).

Here, reasonable persons, *i.e.* the parties to this adversary proceeding, find paragraph 19 is susceptible to different and inconsistent, yet reasonable, interpretations. Extrinsic evidence is, therefore, necessary to determine the intent of the parties in the inclusion of paragraph 19 in the lease.

The evidence of record does not support a summary decision in the favor of either party on the issue of the meaning and application of paragraph 19 of the lease.

For the above reasons, the agreement between the Debtor and Defendant at issue in this adversary proceeding is determined to be an unexpired lease of real property subject to assumption or rejection by the Debtor under 11 U.S.C. § 365.

This constitutes the Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052. An order will enter in accordance with this Memorandum Opinion.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Friday, January 07, 2011
(jms)**